J. S37034/20

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA    :    IN THE SUPERIOR COURT OF
                                         :            PENNSYLVANIA
                v.                  :
                                           :
TYRONE HOLLOWAY,                     :            No. 2746 EDA 2019
                                           :
               Appellant            :


Appeal from the PCRA Order Entered August 20, 2019,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-1131761-1991


BEFORE:   SHOGAN, J., NICHOLS, J., AND FORD ELLIOTT, P.J.E.


MEMORANDUM BY FORD ELLIOTT, P.J.E.:        **FILED OCTOBER 15, 2020**

Tyrone Holloway appeals ***pro se*** from the August 20, 2019 order

dismissing his untimely serial petition filed pursuant to the Post Conviction

Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.   After careful review, we

affirm.

The relevant facts and procedural history of this case are as follows:   On

April 28, 1992, a jury found appellant guilty of first-degree murder and

possessing instruments of crime[1] in connection with the shooting death of his

former girlfriend, Miriam Phelps.   On May 10, 1993, the trial court sentenced

appellant to an aggregate term of life imprisonment.   Following the

reinstatement of his direct appeal rights ***nunc pro tunc***, a panel of this court

---

[1] 18 Pa.C.S.A. §§ 2502(a) and 907(a), respectively.

affirmed appellant's judgment of sentence on February 21, 1997. **See
Commonwealth v. Holloway**, 694 A.2d 1118 (Pa.Super. 1997), **appeal
denied**, 704 A.2d 635 (Pa. 1997). Thereafter, our supreme court denied
appellant's petition for allowance of appeal on November 7, 1997. **Id.**
Between 1998 and 2012, appellant filed four PCRA petitions, all of which were
unsuccessful.[2] Most recently, on October 27, 2017, a panel of this court
affirmed the PCRA court's order denying appellant relief under the PCRA. **See
Commonwealth v. Holloway**, 179 A.3d 611 (Pa.Super. 2017) (unpublished
memorandum). Undaunted, appellant filed the instant **pro se** PCRA petition,
his fifth, on November 27, 2017. Thereafter, appellant filed two additional
**pro se** motions seeking discovery on June 15 and October 26, 2018,
respectively. On March 13, 2019, the PCRA court provided appellant with
notice of its intention to dismiss his petition without a hearing, pursuant to
Pa.R.Crim.P. 907(1). Appellant did not file a response to the PCRA court's
Rule 907 notice. Thereafter, on August 20, 2019, the PCRA court dismissed
appellant's petition as untimely. This timely appeal followed on
September 16, 2019.[3]

Appellant raises the following issue for our review:

---

[2] The record reflects that appellant was represented by counsel during his first
PCRA petition.

[3] The PCRA court did not order appellant to file a concise statement of errors
complained of on appeal, in accordance with Pa.R.A.P. 1925(b). On
December 18, 2019, the PCRA court filed a one-page Rule 1925(a) opinion.

> Whether the PCRA court err [sic] in rejecting appellant's claim that the Commonwealth violated the rule enunciated in **Brady v. Maryland**[, 373 U.S. 83 (1963)] and progeny, when failing to disclose [the] Timmons-Thomas Police Neighborhood Survey Reports[4]?

Appellant's brief at 2.

Proper appellate review of a PCRA court's dismissal of a PCRA petition is limited to the examination of "whether the PCRA court's determination is supported by the record and free of legal error." **Commonwealth v. Miller**, 102 A.3d 988, 992 (Pa.Super. 2014) (citation omitted). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." **Commonwealth v. Lawson**, 90 A.3d 1, 4 (Pa.Super. 2014) (citations omitted). "This Court grants great deference to the findings of the PCRA court, and we will not disturb those findings merely because the record could support a contrary holding." **Commonwealth v. Hickman**, 799 A.2d 136, 140 (Pa.Super. 2002) (citation omitted).

We consider the timeliness of appellant's PCRA petition because it implicates the authority of this court to grant any relief. **Commonwealth v. Davis**, 86 A.3d 883, 887 (Pa.Super. 2014) (citation omitted). All PCRA petitions, including second and subsequent petitions, must be filed within

---

[4] At trial, Detective Dennis Graeber explained that "Neighborhood Survey Reports" are investigative tools created by the homicide unit that contain informal interviews of a victim's neighbors by homicide detectives. (**See** appellant's reproduced record, 2/14/20, citing notes of testimony, 4/21/92 at 214-216.)

one year of when an appellant's judgment of sentence becomes final. ***See*** 42 Pa.C.S.A. § 9545(b)(1). "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

Here, the record reveals that appellant's judgment of sentence became final on February 5, 1998, 90 days after our supreme court denied ***allocator*** and the time for filing a petition for writ of ***certiorari*** in the Supreme Court of the United States expired. ***See id.***; U.S. S.Ct. R. 13(1). Accordingly, appellant had until February 5, 1999, to file a timely PCRA petition. ***See*** 42 Pa.C.S.A. § 9545(b)(1). Appellant's instant petition, his fifth, was filed on November 27, 2017, more than 19 years after his judgment of sentence became final, and is patently untimely. Accordingly, appellant was required to plead and prove that one of the three statutory exceptions enumerated in Section 9545(b)(1) applies.

The three statutory exceptions to the PCRA time-bar are as follows:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i-iii). A petition invoking one of these statutory exceptions must "be filed within 60 days of the date the claims could have been presented." 42 Pa.C.S.A. § 9545(b)(2).[5]

Here, appellant invokes the governmental interference exception to the PCRA time-bar and argues that the Commonwealth deliberately concealed various "Neighborhood Survey Reports" in direct violation of ***Brady***.[6] (Appellant's brief at 10-11.) This claim is meritless.

---

[5] On October 24, 2018, the General Assembly amended Section 9545(b)(2), extending the time for filing a petition from 60 days to one year from the date the claim could have been presented. ***See*** 2018 Pa. Legis. Serv. Act 2018-146 (S.B. 915), effective December 24, 2018. The amendment applies only to claims arising one year before the effective date of this section, December 24, 2017, or thereafter. Here, appellant's claim arose prior to this date, and therefore, the amendment is inapplicable.

[6] In ***Brady***, the United States Supreme Court held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." ***Brady***, 373 U.S. at 87. In order to establish the existence of a ***Brady*** violation, a defendant must demonstrate that: "(1) evidence was suppressed by the prosecution; (2) the evidence, whether exculpatory or impeaching, was favorable to the defendant; and (3) prejudice resulted." ***Commonwealth v. Cousar***, 154 A.3d 287, 301 (Pa. 2017) (citation omitted). "As to ***Brady*** claims advanced under the PCRA, a defendant must demonstrate that the alleged ***Brady*** violation so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." ***Commonwealth v. Cam Ly***, 980 A.2d 61, 76 (Pa. 2009) (citation and internal quotation marks omitted).

Appellant has failed to establish that he brought this exception within 60 days of the date the claim **could have been** presented, as required by Section 9545(b)(2). Nor does appellant offer a reasonable explanation as to why these reports, with the exercise of due diligence, could not have been obtained earlier. On the contrary, the record reflects appellant has known of these "Neighborhood Survey Reports" since as early as 1992 when they were referenced by Detective Graeber during appellant's jury trial. Not only were these reports readily available to appellant, but he conceded in his PCRA petition that he was aware of the facts underlying his **Brady** claim at the time of his trial and, in fact, referenced these reports in two prior PCRA petitions in 2007 and 2012. (**See** PCRA petition, 11/27/17 at 3; PCRA petition, 8/30/07 at attachment B; PCRA petition, 7/16/12 at 7, § 15.)

Based on the foregoing, we conclude that appellant has failed to properly invoke any of the statutory exceptions to the PCRA time-bar and the PCRA court lacked jurisdiction to review his claims. **See Commonwealth v. Callahan**, 101 A.3d 118, 123 (Pa.Super. 2014) (holding, if a PCRA petition is untimely on its face, or fails to meet one of the three statutory exceptions to the time-bar, we lack jurisdiction to review it). Accordingly, we discern no error on the part of the PCRA court in dismissing appellant's fifth PCRA petition as untimely.

Order affirmed.

J. S37034/20

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 10/15/2020*